## HALE VS. GAINES ET AL.

(For the principles involved in this case, see *Rector et al. vs. Gaines et al., ante.*)
A Cherokee pre-emption cannot be located upon the same tract of land upon which a pre-emption has been proved and allowed, and a patent certificate issued.

*Appeal from the Circuit Court of Hot Spring county.*

The Hon. JOHN C. MURRAY, Special Judge, presiding.

FLANAGIN, and WILLIAMS & WILLIAMS, for appellant.

WATKINS & GALLAGHER, for appellees.

Mr. Justice SCOTT delivered the opinion of the Court.

In all respects, material, this case is like that of Loretta Hunter, except that, in addition to the evidence offered, or relied upon, the defendant below also offered to prove that he applied to the Register and Receiver of the land office at Washington, Arkansas, the 16th of October, 1850, to locate the land in controversy with a Cherokee pre-emption certificate, which application these officers refused, as the documents offered in evidence showed upon their face. This evidence the Court below refused, and we think very properly. The land was clearly not subject to be located with this Cherokee pre-emption at the time of that application.

But, although there was no error, otherwise, in the ruling of the Court below, there was error in its ruling as to the recovery of rents and profits in this action, and for that the judgment must be reversed unless the appellees shall elect to enter a remittitur as in the other cases where this point has been considered.

Mr. Chief Justice ENGLISH did not sit in this case.